UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STACEY JACOBS, a person, and BRANDY JACOBS, a person,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONWIDE INSURANCE COMPANY OF AMERICA, doing business as Nationwide, an insurance company,<br><br>Defendant. | CASE NO. C22-262 RSM<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGEMENT |

## I.  INTRODUCTION

This is an insurance coverage action in which the Plaintiffs, Stacey Jacobs and Brandy Jacobs (together the "Jacobs"), assert that Defendant Nationwide Insurance Company of America ("Nationwide") breached its contract by its refusal to apply the personal property coverage limits of their homeowners insurance policy (the "Policy").  Safeco moves for partial summary judgement (Dkt. #20) and the Jacobs move for partial summary judgment (Dkt. #23).  Nationwide opposes (Dkt. #27) and the Jacobs oppose (Dkt. #29).  The Court has determined it can rule without the need of oral argument.  For the reasons stated below, the Court GRANTS Nationwide's Motion and DENIES the Jacobs' Motion.

ORDER - 1

## II. BACKGROUND

The Jacobs were insured by Nationwide during the relevant time period pursuant to a homeowners policy insurance. Dkt. #14 (hereinafter, "Amended Complaint") ¶ 1.3. In September 2017, the Jacobs erected a 40-feet wide, 80-feet long, and 20-feet tall structure (the "Arena") on their property for the purpose of riding horses in inclement weather. Dkt. #22 ("McLean Decl."), Ex. 2 at 18:10–21; Amended Complaint ¶ 3.4.

On February 13, 2021, the Arena collapsed from the weight of snow. Amended Complaint ¶ 3.5. The Jacobs allege they informed Nationwide of the damage and that Nationwide failed to properly investigate and pay the full cost of the insurance claim. *Id.* ¶¶ 3.6, 3.7, 3.91. Plaintiffs assert that the Arena was personal property, and Nationwide should have paid this loss under Coverage C of the Policy, Personal Property. Dkt. #23 at 8. Nationwide maintains that it investigated the loss, determined the Arena to be an "Other Structure," and issued payments under the applicable section of the Policy, Coverage B – Other Structures. Dkt #20 at 2.

The Policy provides coverage for "direct physical loss" to covered property that is not otherwise excluded by the terms of the Policy. Dkt. #21 ("Othersen Decl."), Ex. A at 23, 25. The Policy describes the property covered under the following relevant terms:

SECTION I — PROPERTY COVERAGES
**A. Coverage A — Dwelling**
    **1.** We cover:
        **a.** The dwelling on the "residence premises" shown in the Declarations, including structures attached to the dwelling; and
    . . .
**B. Coverage B — Other Structures**
    **1.** We cover other structures on the "residence premises" set apart from the dwelling by clear space. This includes structures connected to the dwelling by only a fence, utility line, or similar connection.
    . . .
**C. Coverage C — Personal Property**
    **1.** Covered Property
    We cover personal property owned or used by an "insured" while it is anywhere in the world.

ORDER - 2

*Id.* at 14–15.

The parties do not dispute that the Arena was a large, metal-frame structure with a roof, walls, and doors, set upon and fixed to the Jacobs' land for more than three years before the loss occurred. *See* Dkts. #20, 23. Nationwide seeks summary judgement dismissing the Jacobs' breach of contract claim. Dkt. #20. The Jacobs seek summary judgement finding that Nationwide breached its contract by refusing to apply the personal property coverage limit. Dkt. #23.

### III.   DISCUSSION

**A.  Legal Standard for Summary Judgment**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

On a motion for summary judgment, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004). The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

B. Analysis

In Washington, the standard for interpreting insurance contracts is well-settled. *Canal Ins. Co. v. YMV Transp.*, Inc., 867 F. Supp. 2d 1099, 1104 (W.D. Wash. 2011). "Interpretation of insurance policies is a question of law and the policy is construed as a whole with the court giving force and effect to each clause in the policy." *Id.* (citing *American Star Ins. Co. v. Grice,* 121 Wash.2d 869, 874, 854 P.2d 622 (1993)). The words of an insurance policy should be construed according to their ordinary meaning, according to how an average person would read the terms, as opposed to applying any technical interpretation. *Id.* If the provisions of an insurance contract are unambiguous and easily comprehended, the intent expressed in the policy will be enforced regardless of the intent of the parties. *Jeffries v. General Cas. Co. of America,* 46 Wash.2d 543, 283 P.2d 128 (1955). But if an insurance contract is ambiguous "and fairly susceptible of two different conclusions, the one will be adopted most favorable to the insured." *Guaranty Trust Co. v. Continental Life Ins. Co.,* 159 Wash. 683, 294 P. 585 (1930).

The Jacobs seek a Court ruling that Nationwide breached its contract when it applied Coverage B – Other Structures instead of Coverage C – Personal Property to the Arena loss. Dkt. #23 at 15. The Jacobs argue that the Arena should have been considered personal property under the Policy, and even if it is not clearly personal property, the policy term was capable of two reasonable interpretations and should be interpreted in favor of the insured under Washington law. *Id.* In support, the Jacobs assert that the Arena "merely rested on the ground" and the rebar stakes attaching it to the land "were thin and easily removed without harming the land." *Id.* at 2. Further, the Jacobs argue that the tent was a moveable structure, making it personal property. *Id.* at 13–14.

Nationwide asserts that the Arena was a structure covered under "Other Structures" and that it paid all amounts owed under the Policy, therefore it did not breach its contract with the

ORDER - 4

Jacobs. Dkt. #20. Nationwide argues that the Arena was a structure set on and attached to the Jacobs' land making it real property, not personal property. Dkt #20 at 12. Nationwide also argues that the Policy, read as a whole, consistently treats buildings and structures separately from personal property which supports a conclusion that the Arena was not personal property as defined under the Policy. *Id.* at 16.

In Response, the Jacobs argue that the dispositive question is whether the Arena was severable without injury to the land, that Nationwide bears the burden of establishing coverage should be limited, and that Nationwide separately breached its contract by failing to pay the full amount owed under the Policy's Debris Removal coverage. Dkt. #29 at 17–18. Nationwide responds that under Washington law, the Jacobs, not Nationwide, bear the burden of proving they are entitled to the coverage they seek because Nationwide is not seeking to enforce a coverage exclusion. Dkt. #31 at 2–3. Nationwide contends that the Jacobs' references to the potential movability of the Arena are misleading and the evidence in this case demonstrates the Arena more closely resembles a structure like a shed or garage. *Id.* at 4. Further, Nationwide argues that if the Court agrees it correctly applied Coverage B, it has paid all amounts owed for the Jacobs' loss because the Amended Complaint contains no claim regarding any alleged failure to pay the debris removal claim in full.

The Court agrees that the Jacobs, not Nationwide, bear the burden of proving that the Arena loss "falls within the scope of the policy's insured losses." *McDonald v. State Farm Fire and Cas. Co.*, 119 Wn.2d 724, 731 (1992). The Court finds that the Jacobs have failed to meet their burden of proof in this case.

Nationwide properly determined coverage under Coverage B given the Policy's express coverage of "other structures on the 'residence premises' set apart from the dwelling by clear space." Othersen Decl., Ex. A at 14. The Policy, read as a whole, consistently distinguishes

coverage for buildings and structures from coverage for personal property. While the Policy language does not expressly define "personal property," the Policy clearly distinguishes coverage for structures set apart from the dwelling. Furthermore, "terms undefined by the insurance contract should be given their ordinary and common meaning, not their technical, legal meaning." *Ainsworth v. Progressive Cas. Ins. Co.*, 180 Wn. App. 52, 61–62, 322 P.3d 6 (2014) (citation omitted). The Jacobs cite to Black's Law Dictionary in support of their definition of personal property (Dkt. #29 at 12–13), but Nationwide is correct in its assertion that undefined policy terms "must be given a fair, reasonable, and sensible construction as would be given by an average insurance purchaser. *Id.* at 62 (citation omitted). It would both redundant and contrary to the Policy's intent to find that the Arena, which is indisputably a structure, is covered both as personal property and as an "other structure" under the Policy.

Merriam-Webster's Dictionary defines "personal property" as "property other than real property consisting of things temporary or movable." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1687 (Philip Babcock Gove et al. eds., 2002). "Real" property is "of or relating to things (as land, tenements) that are fixed, permanent, or immovable[.]" *Id.* at 1890. The Court is not persuaded by the Jacobs' contention that the structure was moveable and that the rebar bolts affixing it to the land caused no injury to the land when removed. Taking into account the size, characteristics, labor, and manner in which the Arena was attached to the ground, the Court finds the Jacobs' argument that the Arena was potentially moveable a mere technicality and strained interpretation of this definition. There is no question that the Arena was affixed to the land using rebar bolts driven into the ground. When the Arena was affixed to the land for three years until it collapsed from a weather event, it was real property. Therefore, the Arena does not qualify as personal property under the plain, ordinary, and common meaning of the term. Nationwide

properly determined the Arena loss was covered under Coverage B – Other Structures when it determined that the Arena was a structure, and not personal property.

## IV. CONCLUSION

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS that Nationwide's Motion for Partial Summary Judgment, Dkt. #20, is GRANTED and the Jacobs' Motion for Partial Summary Judgment, Dkt. #23, is DENIED.

DATED this 1st day of March, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE